UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON

In Admiralty

| | | |
|---|---|---|
| James Dones | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | **Verified Complaint** |
| | ) | |
| vs. | ) | |
| | ) | |
| Woods Hole, Martha's Vineyard and Nantucket Steamship Authority | ) ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**NOW COMES** Plaintiff, James Dones, by his undersigned attorney and files this Verified Complaint as follows:

1. Jurisdiction arises and Plaintiff brings and maintains this action under the Jones Act, 46 U.S.C. §§30104, 30105, and 30106 (formerly 46 U.S.C. §688, 41 Stat. 1007 (1920)), and pursuant to the General Maritime Law, Article III, Section 2 of the Constitution of the United States, and §1916 of the Judicial Code, 28 U.S.C. §1916.  This is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h).

**PARTIES**

2. Plaintiff James Dones is over eighteen years of age and resides in Barnstable, Massachusetts.

3. Defendant Woods Hole, Martha's Vineyard and Nantucket Steamship Authority is a corporation with general offices at P.O. Box 284 Woods Hole, Massachusetts 02543, created by

the Commonwealth of Massachusetts to provide, inter alia, ferry service to the islands of Nantucket and Martha's Vineyard(herein after "The Steamship Authority".)

## FACTS

4. At all times relevant hereto, Defendant The Steamship Authority owned and/or operated a vessel known as the *Island Home*, which provided ferry service between Woods Hole and Martha's Vineyard which sailed on navigable waters of the United States.

5. At all times relevant hereto, Plaintiff was an employee of The Steamship Authority.

6. On September 28, 2014 the Plaintiff was assigned to and working on the vessel known at the *Island Home* assisting in the loading and unloading of motor vehicles.

7. On September 28, 2014 a Kathy Modigliani was operating a motor vehicle that had loaded onto the vessel.

8. When Kathy Modigliani's vehicle was secure in its parking place, the Plaintiff James Dones stepped behind her vehicle to direct another loading vehicle into a parking space.

9. Suddenly and without warning Kathy Modigliani put her vehicle in reverse and began to back up; striking the Plaintiff James Dones.

10. As a result of this incident, Plaintiff was caused to be, and did sustain personal injuries, damages and including injuries to his back and neck.

## COUNT I – UNSEAWORTHINESS

11. Paragraphs 1 through 10 are incorporated herein by reference.

12. As owner and operator of *Island Home,* The Steamship Authority owed to the Plaintiff an absolute and non-delegable duty under the general maritime law of the United States, to provide Plaintiff with a safe place to work and to furnish a safe, seaworthy vessel, appurtenances, equipment and personnel.

13. Notwithstanding these duties and warranties, Defendant The Steamship Authority breached its above-mentioned duties by failing to provide Plaintiff with a safe place to work, seaworthy vessels, appurtenances, equipment and personnel by virtue of the conditions, defects and hazards existing on the *Island Home* by failing to provide adequate methods and procedures for the safety of the crew when loading and unloading motor vehicles.

14. As a result of this incident, Plaintiff was caused to be, and did sustain personal injuries, damages and including injuries to his back and neck.

## COUNT II – JONES ACT NEGLIGENCE

15. Paragraphs 1 through 14 are incorporated herein by reference.

16. Under the Jones Act, 46 U.S.C. §§30104, 30105, and 30106, Defendant The Steamship Authority owed a duty to the Plaintiff to provide him a safe place to work and to furnish a safe, seaworthy vessel, appurtenances and personnel.

17. Notwithstanding these duties, Defendants were negligent in failing to provide Plaintiff with a safe place to work, seaworthy vessels, appurtenances and personnel lack of adequate methods

and procedures for the safety of the crew when loading and unloading motor vehicles

18. The injuries and impairments sustained by Plaintiff were caused and contributed to, in whole or in part, by the negligence of Defendant Steamship Authority, through its respective officers, supervisors, agents, servants and/or employees on the *Island Home*, acting within the scope of their respective employment, as set out above.

19. As a result of this incident, Plaintiff was caused to be, and did sustain personal injuries, damages and including injuries to his back and neck.

**COUNT III – FAILURE TO PAY MAINTENANCE, CURE AND UNEARNED WAGES**

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. As a result of Plaintiff's injuries and impairments, he has been, and still is, entitled to adequate maintenance and cure and it has been the duty of Defendant The Steamship Authority to furnish the same.

22. To date, said Defendant The Steamship Authority has failed to completely discharge its duty to provide maintenance and cure as required under the General Maritime Law.

23. Plaintiff is entitled to interest on any maintenance recovered in this action.

24. Upon information and belief, the failure of Defendants to provide proper, adequate and timely medical treatment aggravated and needlessly prolonged Plaintiff's physical and emotional injuries causing the injuries to be more severe.

25. Plaintiff is also entitled to an award of attorney's fees should the Court find that Defendant The Steamship Authority willfully failed to pay maintenance and cure.

## PRAYER

WHEREFORE, Plaintiff, James Dones, demands judgment against Defendant The Steamship Authority under Counts I through III, plus pre-judgment interest, attorney's fees, costs and punitive damages. Plaintiff be awarded all costs, prejudgment and post judgment interest and any further relief as justice may required.

> Respectfully submitted,
> James Dones
> By his attorney,
>
>
> /s/ John C. Manoog III
> John C. Manoog, III, BBO #567481
> The Law Offices of John C. Manoog, III
> 450 South Street
> Hyannis, MA 02601
> 508-775-0088
> Jmanoog@manooglaw.com