**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

                                                     **CIVIL ACTION**
                                                     **NO.  17-CV-11847-IT**

**JAMES DONES,**
        **Plaintiff,**

**VS.**

**WOODS HOLE, MARTHA'S VINEYARD AND**
**NANTUCKET STEAMSHIP AUTHORITY,**
        **Defendant.**

**<u>DEFENDANT, WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

      Now comes the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the above entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C. and files its Answer to Plaintiff, James Dones' Complaint.

1.       Paragraph No. 1 contains allegations of jurisdiction and law which require no answer, but to the extent that a response is required, the Defendant denies each and every allegation contained in Paragraph No. 1.

### **<u>PARTIES</u>**

2.       The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 and, therefore, denies same.

2

3. The Defendant admits that it was created by the Commonwealth of Massachusetts to provide ferry service to the islands of Nantucket and Martha's Vineyard, but denies the remaining allegations contained in Paragraph No. 3.

## FACTS

4. The Defendant admits the allegations contained in Paragraph No. 4.

5. The Defendant admits the allegations contained in Paragraph No. 5.

6. The Defendant admits the allegations contained in Paragraph No. 6.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 and, therefore, denies same.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 and, therefore, denies same.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9 and, therefore, denies same.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 and, therefore, denies same.

3

## COUNT I - UNSEAWORTHINESS

11. The Defendant reiterates and reaffirms its answers to the allegations contained in Paragraphs Nos. 1 through 10 inclusive and incorporate same as if fully set out herein.

12. Paragraph No. 12 contains allegations of law which require no answer, but to the extent that a response is required, the Defendant denies each and every allegation contained in Paragraph No. 12.

13. The Defendant denies the allegations contained in Paragraph No. 13.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 and, therefore, denies same.

**WHEREFORE,** the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count I of the Plaintiff, James Dones' Complaint together with costs and reasonable attorneys' fees, and issue any such further relief it deems just and proper.

## COUNT II – JONES ACT NEGLIGENCE

15. The Defendant reiterates and reaffirms its answers to the allegations contained in Paragraphs Nos. 1 through 14 inclusive and incorporate same as if fully set out herein.

4

16. Paragraph No. 16 contains allegations of law which require no answer, but to the extent that a response is required, the Defendant denies each and every allegation contained in Paragraph No. 16.

17. The Defendant denies the allegations contained in Paragraph No. 17.

18. The Defendant denies the allegations contained in Paragraph No. 18.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 19 and, therefore, denies same.

**WHEREFORE,** the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count II of the Plaintiff, James Dones' Complaint together with costs and reasonable attorneys' fees, and issue any such further relief it deems just and proper.

### COUNT III – FAILURE TO PAY MAINTENANCE, CURE, AND UNEARNED WAGES

20. The Defendant reiterates and reaffirms its answers to the allegations contained in Paragraphs Nos. 1 through 19 inclusive and incorporate same as if fully set out herein.

21. The Defendant denies the allegations contained in Paragraph No. 21.

22. The Defendant denies the allegations contained in Paragraph No. 22.

23. The Defendant denies the allegations contained in Paragraph No. 23.

24. The Defendant denies the allegations contained in Paragraph No. 24.

25. The Defendant denies the allegations contained in Paragraph No. 25.

5

**WHEREFORE,** the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court dismiss with prejudice Count III of the Plaintiff, James Dones' Complaint together with costs and reasonable attorneys' fees, and issue any such further relief it deems just and proper.

## **AFFIRMATIVE DEFENSES**

Now comes the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, and incorporates the following Affirmative Defenses into each Count of this Answer as more fully appears below.

1. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the claims and defenses applicable to this action are governed by the General Maritime Law of the United States.

2. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff has failed to state a cause of action upon which relief may be granted under Count I of his Complaint.

3. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff has failed to state a cause of action upon which relief may be granted under Count II of his Complaint.

4. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff has failed to state a cause of action upon which relief may be granted under Count III of his Complaint.

5. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff has failed to state a cause of action upon which relief may be granted under Count III because it has satisfied its Maintenance and Cure obligation.

6. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff is not entitled to additional past Maintenance payments because it has properly paid Maintenance based on the Plaintiff's submitted living expenses and/or union contract.

7. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff is not entitled to further Cure payments because its Cure obligation has been fully satisfied.

8. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff is not entitled to further Maintenance and Cure payments because he has reached Maximum Medical Improvement.

9. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff's treatment is for an ancillary medical condition which did not manifest itself while in the vessel's service and is therefore beyond the Defendant's responsibility under maintenance and cure.

10. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff has returned to work and he is therefore not entitled to future lost wages.

11. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that on or about September 28, 2014, the M/V ISLAND HOME was seaworthy and the vessel, its crew and appurtenances were reasonably fit for the vessel's intended purpose.

12. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that if the Plaintiff sustained personal injuries as alleged, which is specifically denied, the purported actions or inactions of the Defendant were not the proximate cause of the Plaintiff's alleged personal injuries, but said injuries, if any, were the result of other intervening and superseding causes for which the Defendant was not responsible.

13. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that if the Plaintiff sustained personal injuries as alleged, which is specifically denied, said injuries resulted in whole or in part from the acts or omissions of third parties over whom the

Defendant exercised no direction or control and for whom the Defendant is not legally responsible.

14. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that if the Plaintiff sustained personal injuries as alleged, which is specifically denied, said injuries resulted in whole or in part from the negligence of Kathy Modigliani.

15. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the Defendant states that if the Plaintiff sustained personal injuries has alleged, which is specifically denied, it was due to an Act of God for which the Defendant is not legally responsible.

16. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that if the Plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the Plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of his work reasonably to be required of a seaman with the Plaintiff's experience and was not due to any negligence or fault on the part of the Defendants nor any person or persons for whom the Defendants may be legally responsible.

17. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that if the Plaintiff was injured as alleged, which is specifically denied, said injury resulted in whole or in part from a known and open and obvious condition.

18. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff's alleged injury, which is specifically denied, is a result of his pre-existing medical conditions and/or prior existing injury/trauma.

19. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that if the Plaintiff was injured as alleged while in the course of his employment as a seaman or in the service of the vessel, which is specifically denied, such injury was without the fault, knowledge, or privity of the Defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the Defendant herewith claims the benefit of any and all laws and statutes of the United States of America, including but not limited to, the Limitation of Liability Act, 46 U.S.C. §30501, et. seq.

8

20. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that the Plaintiff has failed to mitigate his damages.

21. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendant states that if liability is found in favor of the Plaintiff, which is specifically denied, then the damages must be reduced proportionally by the degree of negligence [comparative fault] on the part of the Plaintiff and other third parties pursuant to the General Maritime Law.

22. **AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the Defendant claims the benefit of any and all such further Affirmative Defenses that become apparent as discovery progresses and reserves the right to assert the same.

**WHEREFORE** the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, pray that this Honorable Court dismiss with prejudice the Plaintiff, James Dones', Complaint together with costs and reasonable attorneys' fees, and issue any such further relief it deems just and proper.

The Defendant claims **TRIAL BY JURY** on all issues so triable, with the exception of Limitation of Liability, which is unique for the Court's determination.

By its attorneys,
**CLINTON & MUZYKA, P.C.**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Kirby L. Aarsheim**
**BBO NO: 678774**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
Tel#: (617) 723-9165
Fax#: (617) 720-3489
Email: tmuzyka@clinmuzyka.com

9

## CERTIFICATE OF SERVICE

      Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 5, 2018**.**

                                        "/s/ Thomas J. Muzyka"
                                        **Thomas J. Muzyka**