# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION
NO.  17-CV-11847-IT**

**JAMES DONES,**
        **Plaintiff,**

**VS.**

**WOODS HOLE, MARTHA'S VINEYARD AND
NANTUCKET STEAMSHIP AUTHORITY,**
        **Defendant-Third-Party Plaintiff.**

**VS.**

**KELLY MODIGLIANI,**
        **Third-Party Defendant.**

## DEFENDANT, WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY'S THIRD-PARTY COMPLAINT AGAINST <u>KATHY MODIGLIANI</u>

Now comes the Defendant/Third-Party Plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter referred to as the "Steamship Authority"), in the above entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C. and files its Third-Party Complaint against Third-Party Defendant, Kelly Modigliani (hereinafter referred to as "Modigliani") pursuant to Rule 14(c) of the Federal Rules of Civil Procedure as follows.

## <u>VOUCHING UP</u>

1.    The Defendant/Third-Party Plaintiff, Steamship Authority, now tenders the Third-Party Defendant, Modigliani, to the Plaintiff, James Dones, and

2

demands Judgment in favor of the Plaintiff against Third-Party Defendant, Modigliani, pursuant to 14(c) of the Federal Rules of Civil Procedure.

## JURISDICTION

2.     This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. §1367 and Fed. R. Civ. P. 14(c), as well as original jurisdiction under admiralty and maritime claims pursuant to 28 U.S.C. §1333 and Fed. R. Civ. P. 9(h).

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) since a substantial part of the events giving rise to this Third Party Complaint occurred in this district and satisfy Fed. R. Civ. P. 14(c).

## PARTIES

4.     The Defendant/Third-Party Plaintiff, Steamship Authority, is a body corporate created pursuant to Massachusetts General Laws with a principal place of business at One Cowdry Road, Woods Holes, Massachusetts.

5.     Upon information and belief, Third-Party Defendant, Modigliani, is a natural person with a last known address of 125 Brooks Avenue, Arlington, Massachusetts.

6.     Upon information and belief, the Plaintiff, James Dones (hereinafter referred to as "Dones"), is a person with residence in Cotuit, Town of Barnstable, Barnstable County, Massachusetts.

3

## FACTS

7.     Upon information and belief, on or about September 28, 2014, Dones was
       working as a crewmember onboard M/V ISLAND HOME assisting in the
       loading and unloading of motor vehicles.

8.     Upon information and belief, on September 28, 2014, Modigliani was
       operating a motor vehicle that was in the process of loading onto the vessel.

9.     Upon information and belief, and as alleged in Dones' Complaint, on
       September 28, 2014, Modigliani's vehicle was secure in its parking place and
       Dones stepped behind her vehicle to direct another loading vehicle into a
       parking area.

10.    Upon information and belief and as alleged in Dones' Complaint, on
       September 28, 2014, Modigliani put her vehicle in reverse, began to back up,
       and physically struck Dones.

11.    Pursuant to the Steamship Authority's Customer Policies and Procedures
       Handbook, Modigliani, and not the Steamship Authority, is liable for Dones'
       alleged injuries. *See The Steamship Authority's Customer Policies and
       Procedures Handbook dated June 16, 2014, attached hereto as* **Exhibit A.**

12.    On September 27, 2017, Dones initiated this Civil Action against the
       Steamship Authority for injuries allegedly sustained. *See Plaintiff's
       Complaint, Docket No. 1.*

4

## COUNT I – CONTRIBUTION

13.    The Steamship Authority realleges and reiterates its allegations contained in Paragraphs 1 though 12 inclusive and incorporates same by reference as though fully set forth herein.

14.    On or about September 28, 2014, Modigliani had a duty to operate her vehicle safely onboard the M/V ISLAND HOME and without injuring the Steamship Authority's crewmembers.

15.    Modigliani breached her duty of care when she negligently operated her vehicle while onboard the M/V ISLAND HOME by reversing without warning and allegedly causing physical injury to Dones.

16.    To the extent that Dones sustained injuries or damages, said injuries and damages were caused in whole or in part by the carelessness and negligence of Modigliani, and without negligence or culpable conduct on the part of the Steamship Authority.

17.    As a result of the negligence of Modigliani, Dones was allegedly proximately caused to sustain damages.  If Dones is entitled to recover against the Steamship Authority, then the Steamship Authority is entitled to contribution from Modigliani.

       **WHEREFORE** the Defendant/Third-Party Plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court enter Judgment in its favor on Count I for Contribution against the Defendant/Third-Party

5

Defendant, Kathy Modigliani, together with costs and reasonable attorneys' fees, and issue any such further relief it deems just and proper.

## COUNT II – INDEMNITY

18.   The Steamship Authority realleges and reiterates its allegations contained in Paragraphs 1 though 17 inclusive and incorporate same by reference as though fully set forth herein.

19.   On or about September 28, 2014, Modigliani had a duty to operate her vehicle safely onboard M/V ISLAND HOME and without injuring the Steamship Authority's crewmembers.

20.   Modigliani breached her duty of care when she negligently operated her vehicle while onboard the M/V ISLAND HOME by reversing without warning and allegedly causing physical injury to Dones.

21.   Dones' alleged injuries occurred due to the sole negligence of Modigliani in such actions as will be shown at trial.

22.   To the extent that Dones sustained injuries or damages as alleged, said injuries and damages were caused solely by the carelessness and negligence of Modigliani, and without negligence or culpable conduct on the part of the Steamship Authority.

23.   As a result of the negligence of Modigliani, Dones was allegedly proximately caused to sustain damages.  If Dones is entitled to recover against the Steamship Authority, then the Steamship Authority is entitled to be

6

indemnified for all damages it may be required to pay Dones, for all costs and expenses incurred in defense of this action, and for reasonable attorney fees, from Modigliani.

**WHEREFORE** the Defendant/Third Party-Plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court enter Judgment in its favor on Count II for Indemnity against the Defendant/Third-Party Defendant, Kathy Modigliani, together with costs and reasonable attorneys' fees, and issue any such further relief it deems just and proper.

### COUNT III – CONTRIBUTION & INDEMNITY FOR MAINTENANCE AND CURE

24.   The Steamship Authority realleges and reiterates its allegations contained in Paragraphs 1 though 23 inclusive and incorporate same by reference as though fully set forth herein.

25.   On or about September 28, 2014, Modigliani had a duty to operate her vehicle safely onboard M/V ISLAND HOME and without injuring the Steamship Authority's crewmembers.

26.   Modigliani breached her duty of care when she negligently operated her vehicle while onboard the M/V ISLAND HOME by reversing without warning and allegedly causing physical injury to Dones.

27.   To the extent that Dones sustained injuries or damages, said injuries and damages were caused in whole or in part by the carelessness and negligence of

7

Modigliani, and without negligence or culpable conduct on the part of the Steamship Authority.

28. As a result of the negligence of Modigliani, Dones allegedly sustained physical injury and associated damages. Under the General Maritime Law, the Steamship Authority was required to pay Dones' Maintenance and Cure.  The Steamship Authority is therefore entitled to contribution and/or indemnity for reimbursement of Maintenance and Cure payments from Modigliani.

**WHEREFORE** the Defendant/Third-Party Plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, prays that this Honorable Court enter Judgment in its favor on Count III for Contribution and/or Indemnity for reimbursement of Maintenance and Cure payments against the Defendant/Third-Party Defendant, Kathy Modigliani, together with costs and reasonable attorneys' fees, and issue any such further relief it deems just and proper.

## COUNT IV – NEGLIGENCE

29. The Steamship Authority realleges and reiterates its allegations contained in Paragraphs 1 though 28 inclusive and incorporate same by reference as though fully set forth herein.

30. On or about September 28, 2014, Modigliani had a duty to operate her vehicle safely onboard M/V ISLAND HOME and without injuring the Steamship Authority's crewmembers.

8

31.     Modigliani breached her duty of care when she negligently operated her
        vehicle while onboard the M/V ISLAND HOME by reversing without
        warning and allegedly causing physical injury to Dones.

32.     The Steamship Authority has sustained damages as a direct and proximate
        result of Modigliani's negligence and has further incurred costs and expenses
        in defense of this action, including attorney's fees.

   **WHEREFORE** the Defendant/Third-Party Plaintiff, Woods Hole, Martha's
Vineyard and Nantucket Steamship Authority, prays that this Honorable Court enter
Judgment in its favor on Count IV for Negligence against the Defendant/Third-Party
Defendant, Kathy Modigliani, together with costs and reasonable attorneys' fees, and
issue any such further relief it deems just and proper.


                              By its attorneys,
                              **CLINTON & MUZYKA, P.C.**

                              "/s/Thomas J. Muzyka"
                              **Thomas J. Muzyka**
                              **BBO NO: 365540**
                              **Kirby L. Aarsheim**
                              **BBO NO: 678774**
                              88 Black Falcon Avenue
                              Suite 200
                              Boston, MA 02210
                              Tel#: (617) 723-9165
                              Fax#: (617) 720-3489
                              Email: tmuzyka@clinmuzyka.com

9

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 16, 2018.

"/s/ Thomas J. Muzyka"
**Thomas J. Muzyka**